ESPINET, PLAINTIFF AND APPELLEE, v. ALVAREZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action of Debt.

No. 1543.—Decided June 5, 1917.

MERCANTILE CREDITS—ASSIGNMENT OF CREDITS—NOTICE TO DEBTOR—CONSENT OF DEBTOR.—In an action for the recovery of various credits assigned to the plaintiff, failure to allege formal notice of the assignment and previous demand by the plaintiff as assignee is not fatal to the complaint. Article 347 of the Code of Commerce provides that such credits may be assigned

without the consent of the debtor, and the provision for notice to him is primarily for the purpose of protecting him against double payment.

ID.—CAPACITY TO SUE—AMBIGUITY.—Although the capacity in which a plaintiff sues should be alleged in the introductory paragraph of the complaint, when there is only one plaintiff and it is alleged in one of the various causes of action, in which there is no misjoinder, that such plaintiff is a mercantile partnership, this being the only reference to such capacity, and it is not shown that the defendant was in any way prejudiced thereby, it cannot be held that the trial court committed reversible error in overruling a demurrer on the ground of ambiguity said to consist in the doubt as to whether the plaintiff is such partnership or a private individual engaged in business under his own name.

ID.—EVIDENCE—VARIANCE—SURPRISE OR PREJUDICE.—When the appellant in his brief merely restates the ground of his exception to the ruling of the court in admitting in evidence certain deeds offered to prove the personality of an assigning creditor who turns out to be a partnership in liquidation, the said ground being that there is a variance between said evidence and the allegation of the complaint that the creditor is a mercantile partnership established in a certain city, in the absence of an allegation of surprise, prejudice or other sound reason for reversal, such variance is immaterial and the error, if any, is harmless.

ID.—ID.—CONSIDERATION—PRESUMPTION.—Although the evidence as to the consideration for the assignment is not very satisfactory, this being a question of fact which was decided by the lower court and a consideration being presumed unless the contrary is shown, inasmuch as the defendant proved no fraud, simulation or want of considertion, there is no reversible error.

The facts are stated in the opinion.

*Mr. Manuel A. Rivera* for the appellant.

*Mr. Manuel Tous Soto* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The district court rendered judgment against appellant on nine out of eleven distinct causes of action set up in a single complaint and consisting of a series of small accounts that, with a single exception, had been assigned to plaintiff.

It is urged that the district court erred—

"1st. In overruling a demurrer to each of the counts of the complaint on the ground that they did not allege acts sufficient to constitute a good cause of action.

"2nd. In overruling a demurrer to the 11th count on the ground that the complaint was ambiguous.

"3rd. In admitting in evidence two deeds to prove the capacity alleged in the 9th count.

"4th. In holding that there was sufficient consideration in the eight causes of action in which the assignment of the credit was made.

"5th. In construing erroneously section 1183 of the Civil Code and section 108 of the Law of Evidence.

"6th. In sustaining the complaint as to the first eight causes of action, or those arising from credits assigned."

The first assignment of error is based on article 347 of the Code of Commerce, which reads as follows:

"Art. 347.—Commercial credits, which are not negotiable nor payable to the bearer, may be transferred by the creditor without requiring the consent of the debtor, it being sufficient that the transfer be communicated to him.

"The debtor shall be obligated to the new creditor by virtue of the notification, and from the time said transfer is made the only legitimate payment shall be considered that made to the latter."

It is also suggested that there is no averment as to previous demand by plaintiff, but no authority is cited in support of the proposition that such allegation is necessary, and it is not the province of this court nor has it the leisure to supplement the brief of appellant in any case by independent investigation of doubtful and technical questions of pleading. It was alleged in each separate cause of action that defendant had not paid the specified balance due and owing the respective assignors of plaintiff nor any part thereof, and it was proved that repeated demands had been made by plaintiff's assignors, and also that defendant had been told that the claims were about to be transferred to Nadal Espinet. He was further informed of such transfer by the summons served upon him in the suit filed apparently on the same day that plaintiff acquired the claims, and there is no suggestion of any payment made to the previous owners of any of the accounts sued upon. Article 347, *supra,* expressly states that such choses in action may be assigned without the consent of the debtor and the provision for notice to him is primarily for the purpose of protecting him against double payment. In the circumstances we are constrained to hold that the

failure to allege formal notice of the assignment of the several accounts and previous demand by plaintiff as assignee is not fatal to the complaint.

The eleventh cause of action was an account contracted directly with plaintiff, therein averred to be a mercantile partnership, and the alleged ambiguity is said to consist in the doubt as to whether plaintiff is such partnership or a private individual engaged in business under his own name. Undoubtedly the capacity in which plaintiff sues should have been alleged in the introductory paragraph of the complaint, but there is no allegation whatever of any capacity other than that alleged in the eleventh cause of action, there is but one plaintiff, and no prejudice is shown; hence we cannot hold that the overruling of the demurrer by the trial court amounts to reversible error.

The documents mentioned in the third assignment, the objection made to the admission thereof, the ruling of the court, and the exception taken are set forth in the statement of the case, as follows:

"Deed No. 68, for the modification and extension of a partnership contract entered into on May 22, 1912, before notary public Rosendo Matienzo Cintrón by José Miguel Romaguera y Roura and Manuel González y Martínez wherein it is set forth that there is in the city of Ponce a mercantile partnership known as José Romaguera & Co. of which José Romaguera is the managing partner with the right to use the signature of the firm, Manuel González, the silent partner, Miguel Romaguera, the general attorney-in-fact, which partnership contract would expire on July 1, 1912, the same being hereby extended for four years more to expire on July 1, 1916.

"Deed No. 19 executed in Ponce on March 3, 1913, before Notary Nemesio R. Canales by the same parties, José and Miguel Romaguera y Roura and Manuel González y Martínez, in which after referring to the former deed of extension and those which preceded it for the constitution of the firm, they make the following agreement:

" '1st. José and Miguel Romaguera y Roura and Manuel González y Martínez as the only partners of the firm of José Romaguera & Co., hereby declare that the same is totally dissolved and that deeds Nos. 257, 240 and 168 of July 18, 1908, July 1, 1910, and

May 22, 1912, executed before notary Rosendo Matienzo Cintron are without force or effect, and hence all the partners by common consent declare the firm of José Romaguera & Co. to be in a state of liquidation from this date.

" '2nd. The partners agree to appoint José Romaguera liquidator of José Romaguera & Co. upon whom they confer all the powers that under the law correspond to liquidators, he being required to proceed immediately to realize on the property of the partnership in order to extinguish the liabilities and cover the capital contributed to the firm in accordance with the provisions of the Code of Commerce and without any intervention of the other partners.'

"The defendant objected to the admission of the said documents because the object is to prove by them the first allegation of the ninth cause of action which is as follows:

" 'José Romaguera & Co. is a mercantile partnership established in the city of Ponce where it has an establishment for the manufacture and sale of liquors.'

"That the firm is dissolved and in liquidation, and that José Romaguera was the liquidator thereof on the date of the complaint.

"The court admits the deeds because it understands that the partnership exists, the liquidation being a status of the partnership. The defendant excepts."

Inasmuch as appellant in his brief merely restates the ground of his exception in more words without citing any authority contrary to the ruling of the court below or showing any surprise or prejudice or other sound reason for reversal upon this ground, we hold the variance to be immaterial and the error committed, if any, to be harmless.

The fourth assignment goes to a question of fact squarely determined by the court below. It is true that the evidence in this regard is not very satisfactory, but the consideration in such matters is presumed to exist until the contrary appears, and the burden was upon defendant to show the fraud, simulation and want of consideration set up in his answer. He introduced no evidence at all but relied wholly upon cross-examination in this regard, and we find no such manifest error on the part of the trial judge in weighing the evidence adduced as to require a reversal.

A discussion in detail of the argument of appellant in support of the fifth and sixth assignments, in so far as the same is not already disposed of, either directly or by implication and analogy, in what we have said above, would serve no useful purpose.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.